UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AIMEE MAE AUSTIN, | ) | CASE NO. 1:22-cv-02003 |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Carmen E. Henderson ("R&R") (Doc. No. 15) recommending that the Commissioner's decision be affirmed. Plaintiff filed her objection (Doc. No. 16), and Defendant filed a response (Doc. No. 17). For the reasons that follow, the Plaintiff's objection is OVERRULED, the R&R is ACCEPTED, and the final decision of the Commissioner is AFFIRMED.

**I.  Background**

On June 2, 2020, Plaintiff filed an application for Supplemental Security Income Benefits ("SSI"). (Doc. No. 10 at 1470.)[1] This claim was denied both upon initial consideration and reconsideration. (*Id.*) Plaintiff filed a Request for Hearing, which was granted, and a hearing was held on October 26, 2021, before Administrative Law Judge ("ALJ") Susan Smoot. (*Id.* at 1470-71.) The ALJ ruled against Plaintiff on December 8, 2021. (*Id.* at 1471.) The Appeals Council declined to review Plaintiff's case on September 6, 2022, making the ALJ's decision final. (*Id.*)

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

1

Plaintiff timely commenced this action on November 5, 2022. (Doc. No. 1.) On March 10, 2023, Plaintiff filed her brief on the merits. (Doc. No. 10.) On March 24, 2023, Defendant filed its brief on the merits. (Doc. No. 12.) Plaintiff filed a reply brief on May 8, 2023. (Doc. No. 14.) On September 18, 2023, the Magistrate Judge issued a R&R. (Doc. No. 15.) Plaintiff timely filed an objection on October 2, 2023 (Doc. No. 16), to which Defendant responded (Doc. No. 17).

## II. <u>Standard of Review</u>

A district court "shall make a *de novo* determination of those portions or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C) (flush language); *see Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to *de novo* review by the district court in light of specific objections filed by any party.") (citations omitted). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C) (flush language).

For present purposes, the Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment must prevent the claimant from doing the claimant's previous work, as well as any other work which exists in significant numbers in the region where the individual lives or in several regions of the country. 42 U.S.C. § 423(d)(2)(A). In making a disability determination, an ALJ engages in a five-step sequential evaluation:

1. If the claimant is doing substantial gainful activity, he is not disabled.

2. If the claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.  To be severe, the claimant must have a severe medically determinable physical or mental impairment, or a combination of impairments, that must have lasted or be expected to last for at least 12 months, unless it is expected to result in death.

3. If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment in Appendix 1 to Subpart P of Part 404, the claimant is presumed disabled without further inquiry.

4. If the impairment does not meet or equal a listed impairment, the ALJ must assess the claimant's residual functional capacity and use it to determine if the claimant's impairment prevents him from doing past relevant work.  If the claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. If the claimant is unable to perform past relevant work, he is not disabled if, based on his vocational factors and residual functional capacity, he is capable of performing other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520, 416.920; *see also Quisenberry v. Comm'r of Soc. Sec.*, 757 F. App'x 422, 426 (6th Cir. 2018) (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997)).  During the first four steps, the claimant has the burden of proof.  *Walters*, 127 F.3d at 529.  The burden shifts to the Commission at step five.  *Id.*

The Court's review of the Commissioner's decision to deny benefits is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence.  42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010).  "Substantial evidence is 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 521 (6th Cir. 2008) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal

citation omitted)).

If substantial evidence supports the Commissioner's finding that the claimant is not disabled, that finding must be affirmed even if the reviewing court would decide the matter differently. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citation omitted). A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted). The Commissioner's decision must be affirmed even if the claimant's position is also supported by substantial evidence. *Wallace v. Comm'r of Soc. Sec.*, 221 F.3d 1337 (Table), 2000 WL 799749, at *2 (6th Cir. 2000) (citing *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993)).

### III. Discussion

Plaintiff's objection to the R&R challenges whether the ALJ applied the correct standard of review to the state agency psychologists' findings. (Doc. No. 16 at 1531.) Specifically, Plaintiff argues that the ALJ was incorrect in finding that her mental condition was "relatively stable." (*Id.*) Instead, Plaintiff argues that substantial evidence showed "a worsening of Plaintiff's psychological impairments." (*Id.* at 1534.) As such, Plaintiff argues that the R&R "fails to properly analyze why the ALJ's rationale was appropriate." (*Id.* at 1535.)

An "ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered." *Simmons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004) (quoting *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000)). The key for the Court's review is whether the ALJ's decision was supported by substantial evidence.

#### A. Record before the ALJ

In September 2016, Plaintiff filed an application for SSI, claiming disability due to both

4

physical and mental impairments.  (Doc. No. 12 at 1495.)

Starting in August 2019, Plaintiff began attending physical therapy for her chronic lower back pain.  (Doc. No. 10 at 1471.)  In October 2019, Plaintiff underwent surgery for her degenerative disc disease in her lumbar spine.  (*Id.*)  Following this surgery, Plaintiff was treated at the Pain Management Institute, where she was assessed with chronic pain syndrome, radiculopathy, other intervertebral disc degeneration and sacroiliitis in October 2020.  (*Id.*)  Plaintiff received a series of sacroiliac joint injections in February 2020, May 2020, January 2021, March 2021, June 2021, and July 2021 and was also prescribed Percocet, Flexeril and Savella for her pain.  (Doc. No. 10 at 1471; Doc. No. 12 at 1496.)  Plaintiff indicated that her pain was reduced by the injections, though it remained chronic.  (Doc. No. 10 at 1472; Doc. No. 12 at 1496.)

Plaintiff was hospitalized twice in August 2021 for various symptoms including "mild persistent asthma, chest pain, pneumonia, and long nodule with hospital problems of pneumonia, borderline personality disorder, chronic pain, fibromyalgia, [] GERD [gastrointestinal reflux disease]," pain, dyspnea and respiratory abnormalities, orthostatic lightheadedness, acute bronchiolitis, and acute chest pain.  (Doc. No. 10 at 1472; Doc. No. 12 at 1497.)  Plaintiff was also treated for foot pain and fitted for an orthotic.  (Doc. No. 12 at 1497.)

In May 2020, Plaintiff's mental health care provider assessed Plaintiff with "PTSD, dysthymic disorder, borderline personality disorder, atypical depressive disorder, and generalized anxiety disorder."  (Doc. No. 10 at 1472.)  At this time, Plaintiff's "speech was circumstantial, mood euthymic, affect appropriate, thought process logical, and cognition and fund of knowledge age appropriate."  (Doc. No. 12 at 1498.)  Plaintiff was prescribed Adderall, which she stated helped her symptoms.  (*Id.*)

5

In May 2021, while receiving psychotherapy, Plaintiff was diagnosed with "generalized anxiety disorder, panic disorder, bipolar disorder with current episode depressed severe with psychotic features, PTSD and border personality disorder." (Doc. No. 10 at 1473.) Plaintiff related that her symptoms worsened in severity and frequency by June 2021. (*Id.*) In August 2021, records from her mental health care provider reflected that Plaintiff was still experiencing symptoms of ADHD and anxiety, but her objective mental status findings were unremarkable, and the provider assessed her symptoms as "relatively mild." (Doc. No. 12 at 1499.)

ALJ Michael Schmitz issued a decision restricting Plaintiff to a range of unskilled work with reduced social interaction in November 2018. (Doc. No. 10 at 1473; Doc. No. 12 at 1499; Doc. No. 15 at 1515.) In January 2021, the reviewing physician and psychologist found these restrictions appropriate and adopted the findings of this decision. (Doc. No. 10 at 1473; Doc. No. 12 at 1499.) Upon reconsideration in May 2021, the same limitations were adopted. (Doc. No. 10 at 1473.)

On June 2, 2020, Plaintiff filed an application for SSI. (Doc. No. 15 at 1514.) The ALJ held a video hearing on October 26, 2021, where Plaintiff and an impartial vocational expert testified. (*Id.*) The ALJ issued her written decision on December 8, 2021. (*Id.*)

### B. ALJ's Conclusion

The ALJ summarized Plaintiff's health records, noting that she "had a history of several conditions . . . including depression, anxiety, bipolar disorder, asthma, fibromyalgia, and lumbar disc degeneration." (*Id.* at 1516.) The ALJ further noted that plaintiff "had ongoing mental health treatment." (*Id.*) In addition to considering Plaintiff's medical records, the ALJ also considered the opinions of state agency psychologists. (*Id.* at 1518.)

Based on this record, the ALJ made several findings. Specifically, the ALJ determined

6

that Plaintiff "has not engaged in substantial gainful activity since June 2, 2020." (*Id.*) The ALJ also found that Plaintiff while has "severe impairments," these impairments do not meet the severity of one of the listed impairments in 20 CFR Part 404, Subpart P. (*Id.* at 1518-19.) As such, the ALJ found that plaintiff "has the residual functional capacity to perform sedentary work" and that there are "jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." (*Id.* at 1519.) The ALJ also determined that Plaintiff has no past relevant work, at least a high school education, and is between age 18 and 44. (*Id.*) Because Plaintiff does not have past relevant work, the ALJ determined that the transferability of job skill was not an issue. (*Id.*)

## C. The Magistrate Judge's Report and Recommendation

The R&R noted that its "review 'is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards.'" (*Id.* at 1520 (quoting *Winn v. Comm'r of Soc. Sec.*, 615 F. App'x 315, 320 (6th Cir. 2015)). Next, the R&R stated the five-step process ALJs must use to determine whether a claimant is entitled to SSI or disability insurance benefits. (*See id.*) The R&R likewise detailed and evaluated Plaintiff's three challenges to the Commissioner's determination before concluding that there is substantial evidence to support the ALJ's decision. (*Id.* at 1521-29.)

Specifically, Plaintiff raised three issues on appeal: "(1) whether the ALJ applied the wrong standard of review to the state agency psychologists' opinions; (2) whether the ALJ failed to properly apply SSR 16-3p in considering [Plaintiff's] symptoms; and (3) whether the ALJ added an incorrect definition regarding social interactions to the RFC." (*Id.* at 1521.) Regarding Plaintiff's first issue on appeal, the R&R found that "[b]ecause the ALJ considered the new evidence before concluding the mental limitations from the 2018 ALJ decision remained

7

appropriate, she did not apply the wrong standard of review." (*Id.* at 1523.) In response to Plaintiff's second challenge, the R&R concluded that "[t]he ALJ pointed to specific evidence in the record" when evaluating Plaintiff's "subjective complaints" and that Plaintiff's attempts to "show that an alternative finding is warranted" were "insufficient to disturb the ALJ's finding." (*Id.* at 1526-27.) Lastly, the R&R concluded that Plaintiff waived the arguments in support of her third issue on appeal, and that even if she had not waived these arguments they were "without merit" because "the term 'superficial interaction' is not defined under the Dictionary of Occupational Titles ('DOT') or Selected Characteristics of Occupations ('SOC')." (*Id.* at 1528.)

In sum, the R&R recommended that the Court overrule Plaintiff's objection and affirm the Commissioner's decision. (*Id.* at 1529.)

### D. *De Novo* Review

In her objection, Plaintiff claims that the R&R's finding that the ALJ properly applied the correct standard of review is factually and legally incorrect. (*See* Doc. No. 16 at 1531-35.) Specifically, Plaintiff alleges that the R&R erroneously relied on *Anderson v. Commissioner of Social Security Administrator* for the proposition that "adopting the prior reviewer['s] opinion did not mean that the current ALJ adopted the prior decision." (*Id.* at 1531 (citing Doc. No. 15 at 1523).) Plaintiff argues that because the issue in *Anderson* was whether "the prior ALJ was unconstitutionally appointed," this case is inapposite. (*See id.*)

As in her brief on the merits, Plaintiff again argues that the ALJ was incorrect in stating that Plaintiff's medical condition had been "relatively stable" between the first ALJ's original determination in November 2018, and the second ALJ's determination in December 2021. (*Id.* at 1531-35.) Plaintiff highlights her May 2021 diagnoses and symptoms as evidence that her condition deteriorated between these two determinations. (*Id.* at 1352-53.) Plaintiff further cites

8

cases that she argues support remand in this case due to the ALJ's alleged adoption of the prior determination. (*Id.* at 1534 (citing *Fergus v. Comm'r of Soc. Sec.*, No. 5:20cv2612, 2022 WL 743487, at *12 (N.D. Ohio Mar. 11, 2022); *Gonzales v. Comm'r of Soc. Sec.*, No. 3:21cv93, 2022 WL 824145, at *10 (N.D. Ohio Mar. 18, 2022); and *DiLauro v. Comm'r of Soc. Sec.*, No. 5:19cv2691, 2021 WL 1175415, at *3-4 (N.D. Ohio Mar. 29, 2021)).)

Plaintiff's objection is not well taken. While it is true that both ALJs came to the conclusion that she was not disabled, the second ALJ did not merely adopt the first ALJ's determination without further analysis. On the first page of the December 2021 decision, the ALJ noted "[i]n this case there is new and material evidence pertaining to the unadjudicated period that changes the prior residual functional capacity. Consequently, the undersigned finds that *the claimant's condition has changed since the prior Administrative Law Judge's decision*." (Doc. No. 8 at 111 (emphasis added).) The ALJ then affirmatively acknowledged that she was "not bound to adopt the residual functional capacity used in the prior opinion." (*Id.*) These statements stand in stark contrast to the facts in *DiLauro*, where the ALJ stated "no new and material evidence exist[ed] to justify not adopting the residual functional capacity from the previously adjudicated period." 2021 WL 1175415, at *3.

Furthermore, the ALJ provided a detailed account of Plaintiff's medical records that included the time period from June 2020 to September 2021. (Doc. No. 8 at 116-18.) While the state agency psychologists did review the 2018 residual functional capacity to reach their decision in 2021, this review does not negate that they also considered Plaintiff's new medical evidence. The Sixth Circuit's decision in *Earley v. Commissioner of Social Security* held that a "[f]resh review is not blind review," and a "later administrative law judge may consider what an earlier judge did if for no other reason than to strive for consistent decision making." 893 F.3d

9

929, 934 (6th Cir. 2018).  In this case, the ALJ conducted a fresh review of Plaintiff's medical records to reach a determination on her eligibility for SSI benefits.

In sum, the Court is satisfied that ALJ applied the correct legal standards and that the findings are supported by substantial evidence.

### IV.     Conclusion

For those reasons, Plaintiff's objections are OVERRULED, the R&R is ACCEPTED, and the Commissioner's decision is AFFIRMED.  This case is closed.

**IT IS SO ORDERED.**

Date: February 5, 2024

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE